U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

SLT:GMP
F.#2010R01661

*271 Cadman Plaza East*
*Brooklyn, New York  11201*

July 30, 2013

By Hand Delivery and ECF

The Honorable John Gleeson
United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

> Re:   United States v. Genaro Pineda-Rojas
>       Criminal Docket No. 11-213 (JG)

Dear Judge Gleeson:

The government respectfully submits this letter in anticipation of sentencing in the above-captioned case, which is scheduled for August 1, 2013.  For the reasons set forth below, the government respectfully requests the Court to sentence the defendant within the advisory Guidelines range of 37 to 46 months.

I.   Background

In June 2010, officials of the El Salvador National Civilian Police, Division of Anti-Narcotics investigated an attempted smuggling venture.  Specifically, they detected heroin in the defendant's boots as he attempted to board an airplane from the International Airport in El Salvador destined for John F. Kennedy International Airport in Jamaica, New York.  (Presentence Report ("PSR") ¶ 3).  The net weight of the heroin in the defendant's boots was 661.4 grams.  (PSR ¶ 5).

The defendant is charged in a three-count indictment in relation to a conspiracy to import and distribute heroin.  Count One charges the defendant, in particular, with conspiracy to import and distribute heroin, intending and knowing that the heroin would be unlawfully imported into the United States, in violation of Title 21, United States Code, Sections 959(c), 952(a), 963, and 960(b)(3).  See (PSR ¶ 1).

On May 21, 2013, the defendant pled guilty, pursuant to a plea agreement, to the lesser-included offense within Count One charging conspiracy to import and distribute heroin. (PSR ¶ 1).

II. Discussion

    A. Legal Standard

The Sentencing Guidelines are advisory, not mandatory. United States v. Booker, 543 U.S. 220, 258-60 (2005). However, the Supreme Court held in Booker that sentencing courts must consider the Guidelines in formulating an appropriate sentence. Id. In Gall v. United States, 552 U.S. 38 (2007), the Supreme Court set forth the procedure for sentencing courts to follow in light of Booker:

> [A] district court should begin all sentencing proceedings by correctly calculating the applicable Guidelines range. As a matter of administration and to secure nationwide consistency, the Guidelines should be the starting point and the initial benchmark.

Gall, 552 U.S. at 49 (citation omitted). Next, a district court should "consider all of the § 3553(a) factors to determine whether they support the sentence requested by a party. In so doing, [a district court] may not presume that the Guidelines range is reasonable. [A district court] must make an individualized assessment based on the facts presented." Id. at 49-50 (citation and footnote omitted).

    B. The Guidelines Range Is 37 to 46 Months

The Probation Department has determined that the adjusted offense level is 21, the defendant is in Criminal History Category I, and the advisory Guidelines sentencing range is 37 to 46 months. (PSR ¶ 47.) The government agrees with this calculation. The government agrees that the defendant is safety-valve eligible pursuant to Title 18, United States Code, Section 3553(f).

    C. A Sentence Within the Guidelines Range Is Appropriate In This Case

Based on the factors set forth in 18 U.S.C. § 3553(a), a sentence within the Guidelines range is appropriate in this case.

A sentence within the advisory Guidelines range is necessary to reflect the seriousness of the offense, promote respect for the law and providing just punishment. 18 U.S.C. § 3553(a)(2)(A). As noted above, the defendant's offense of conviction -- conspiring to import and distribute heroin -- is a serious crime that merits a serious punishment. A term of imprisonment is therefore necessary in order to serve these important purposes of sentencing.

A sentence within the advisory Guidelines range is necessary to afford adequate deterrence to criminal conduct and to protect the public from further crimes of the defendant. 18

U.S.C. § 3553(a)(2)(B) & (c).  "Under section 3553(a)(2)(B), there are two major considerations: specific and general deterrence."  United States v. Davis, No. 08-CR-332 (JBW), 2010 WL 1221709, at *2 (E.D.N.Y. March 29, 2010).  Both considerations support the imposition of a serious term of imprisonment in this case.  A sentence within the advisory Guidelines range is necessary to deter others who are in a position to choose between a law-abiding life and a life of crime.

    Under 3553(a)(1), the Court should also consider the defendant's history and characteristics.  The fact that the defendant committed the instant offense while serving as a commissioned officer in the Guatemalan army exacerbates the seriousness of his offense.  Infiltration of the armed forces by members of criminal organizations is a particularly pernicious byproduct of the international drug trade.  The violent exploits of *Los Zetas*, a cartel founded by defecting members of the Mexican Army's elite Airborne Special Forces Group (Grupo Aeromóvil de Fuerzas Especiales - GAFES), powerfully illustrates the extreme danger posed by highly-trained military professionals who are willing to betray their sworn oath to protect and serve the public and instead seek to profit by serving the interests of drug trafficking organizations.[1]

---

[1] See, e.g., George W. Grayson, "Los Zetas: the Ruthless Army Spawned by a Mexican Drug Cartel," Foreign Policy Research Institute, May 2008 (http://www.fpri.org/enotes/200805.grayson.loszetas.html); Sam Logan, "Los Zetas: Evolution of a Criminal Organization," International Relations and Security Network, March 11, 2009 (http://www.isn.ethz.ch/Digital-Library/Articles/Detail//?lng=en&id=97554); "Drug Wars in Tamaulipas: Cartels vs. Zetas vs. the Military," Frontera NorteSur (Center for Latin American and Border Studies, New Mexico State University), March 1, 2010 (http://www.mexidata.info/id2570.html); John P. Sullivan and Sam Logan, "Los Zetas: Massacres, Assassins and Infantry Tactics," Security Solutions International, November 24, 2010 (http://www.homeland1.com/domestic-international-terrorism/articles/913612-Los-Zetas-Massacres-Assassinations-and-Infantry-Tactics).

-3-

III. Conclusion

In this case, given all of the facts and circumstances discussed above, a sentence within the Guidelines range is necessary in order to achieve the purposes set forth in 18 U.S.C. § 3553(a). Therefore, and for all of the foregoing reasons, the government respectfully submits that the Court should impose a sentence within the advisory Guidelines range of 37 to 46 months.[2]

Respectfully submitted,

LORETTA E. LYNCH
United States Attorney

By: /s/
Gina M. Parlovecchio
Steven L. Tiscione
Assistant U.S. Attorneys

cc: Clerk of the Court (JG) (by ECF)
Sean Hecker, Esq. (by ECF)
Amanda Donat, U.S. Probation Officer (by email)

---

[2] The government does not oppose giving the defendant credit for the 11 months in custody he served in El Salvador.